Fish, J.
Both parties to this action claim the land and building in dispute, under the will of James B. Schermerhorn,' deceased. He died in the year 1884, leaving a last will and testament, made and dated in the year 1866. He gave all his property, both real and personal, to his son and daughter, the plaintiff and defendant, in equal parts as tenants in common, except a few specific items which were devised to each of them separately. By the second section of the will, he gave to the defendant, his son, ten acres of his pasture lot, lying above the stone quarry, and a right of way to the lot; and also the new house and garden, in which he, defendant, then lived, east of the road.
By the third section he devised to the plaintiff, his daughter, the remainder of the pasture lot, and also the old homestead, house and garden in which he then lived and_ occupied. And then, by the- fourth section, gave the entire remainder of his estate to them both as tenants in common.
There is no ambiguity in the language of the will, unless it be as to the devise of the pasture lot, of which he gives ten acres to his son, and the residue to his daughter, the plaintiff.
*305 It might, perhaps, be difficult to say which part of the lot either of them took, so that it might be necessary to hold them as tenants in common of the lot in the proportions named in the will. As to the specific devises, however, of the houses and gardens, there is no difficulty as to the language. There may be a latent ambiguity as to what premises were fairly intended to be covered by the words, “the old homestead, house and garden in which I now (1866) live and occupy.”
This unfortunate family controversy has arisen over the question as to what was included within the description given.
It the case depended alone on the proper construction of the language used, it would probably be a question of law which the court at circuit should have decided.
The learned justice, who presided at the circuit, held it to be a case depending, to a certain extent, upon surrounding circumstances and the manner in which the property had been used by the testator during his life-time; and admitted proof to show what premises the testator did occupy at the time he made his will, and how he occupied and for what uses and purposes; and then left it, as a question of fact, to the jury to say whether the description of the old homestead, house and garden, as he occupied it at the date of his will, and subsequent and up to the time of his death, was intended to cover the spot where the disputed building was located.
It many times becomes necessary to take proof to identify real estate and the boundary of it, and, where the language is imperfect or insufficient to make, it clear, proof of surrounding circumstances is resorted to for the purpose of getting at the intention thus imperfectly expressed.
This was a case where such evidence was proper, and the jury, upon the evidence, have found that the building in question was upon the premises known as the old homestead. The verdict of the jury is well sustained by the evidence and should not be disturbed, unless some other difficulty has arisen from the acts of the parties.
The defendant relies upon a deed in partition. The deed expressly excepts the following: “ The house and garden of said Elizabeth Robertson and where she now resides, the aforesaid house and garden having been devised to her,” etc., so that he does not take, by his deed, the land which was devised to plaintiff. He was the plaintiff in the action. He accepted the deed, with that provision before him, and procured from the court an order of confirmation of the sale and conveyance and report.
As the description of the premises named in the complaint and decree in the partition action, did not describe or in terms include the old homestead, house and garden, and if included, can only be spelled out from proof aliunde, and, *306 as upon his own sale in that action under his control, the premises specially devised to plaintiff herein, were excepted from the sales under the decree and a deed accepted by him with that premises excluded, and the whole proceeding confirmed by the order of the court by his procurement, it is safe to hold that the description of property contained in the complaint and decree in partition action, was not intended to include the premises devised to plaintiff.
The charge of the learned justice at circuit was therefore correct “that this decree, so far as fixing the boundaries or limits _ between those two specific devises in that will to plaintiff and defendant, had no effect,” etc. .
This was the only item of the charge excepted to by defendant, and the charge may not be reviewed in any other particular.
The judgment, therefore, must be affirmed, with costs.
Landon, Ch. J., and Parker, J. concur.